DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of disposition entered by the Erie County Court of Common Pleas, Juvenile Division, after that court found appellant, John A.S. to be a delinquent child by committing acts which, if committed by an adult, would constitute assault and abduction. From that judgment, appellant raises the following assignments of error:
 {¶ 2} "I. Whether the convictions were supported by sufficient evidence?
 {¶ 3} "II. Whether the convictions were against the manifest weight of the evidence?"
 {¶ 4} On June 23, 2003, two complaints were filed in the lower court charging appellant with delinquency in connection with an alleged assault and aggravated burglary which occurred on June 22, 2003. The aggravated burglary complaint was subsequently amended to charge abduction instead of aggravated burglary. The case proceeded to an adjudicatory trial at which the following evidence was presented. Kenneth P., a minor who had just completed seventh grade, testified that on June 22, 2003, at approximately 11:30 p.m., he was at his home on Judy Lane when his cousins ran into the house and told him "black point" was outside. Kenneth came to the doorway to see what was going on outside but did not want to go out because he had hurt his ankle. As he was standing in the doorway, appellant pulled him out of the house and into his front yard, where several individuals jumped on him and kicked him. At the trial, Kenneth pointed to appellant and identified him as one of the individuals who assaulted him. Shortly after the attack, police officers arrived and Kenneth told them that he was not injured.
 {¶ 5} Tasia G., Kenneth's sister, also testified at the trial below. Tasia lives at the Judy Lane home and was present at the time of the assault. Tasia stated that she had been outside with her friends when she saw a bunch of boys ride up on bikes and attack several boys who were in the area. Appellant and others then approached her house looking for Kenneth. At that point, Kenneth came to the door and stood in the doorway but said he would not come out. Tasia stated that appellant and another individual then approached the doorway, grabbed Kenneth out of the house, and started kicking and punching him. Tasia specifically identified appellant in court as one of the individuals who had removed Kenneth from the doorway and attacked him.
 {¶ 6} Officer Robert Bess of the Sandusky Police Department testified next. Bess responded to the scene after a call was made to the police department. Bess stated that he took a statement from Tasia in which she named four boys, including appellant, as being involved in the assault on her brother. Bess also spoke with Kenneth and testified that Kenneth told him he was not injured as a result of the attack, although Bess testified that Kenneth's face was red and that Tasia and Kenneth were both shaken up.
 {¶ 7} Finally, appellant testified in his own defense. Appellant denied that he was involved in any fighting on the evening of June 22, denied pulling Kenneth P. out of his house and denied having any physical contact with him. Rather, appellant testified that on that evening he was simply wrestling with others, and stated that a boy named Justin D. pulled Kenneth out of his house.
 {¶ 8} On August 4, 2003, the lower court magistrate issued a magistrate's decision finding that the state had proved each element of the offenses of abduction and assault and recommending that appellant be adjudicated a delinquent child. Appellant filed objections to the magistrate's decision in which he challenged the factual findings of the court and pointed to inconsistencies in the testimony of the state's witnesses. On March 26, 2004, the lower court issued a judgment entry in which the court pointed to evidence in the record which supported the magistrate's findings. The court then approved and adopted the magistrate's decision, found appellant delinquent for committing the offenses of abduction and assault and set the matter for a dispositional hearing. At that hearing, appellant was sentenced to community service, a fine of $50, which fine was suspended, and was ordered to pay court costs. It is from that judgment that appellant now appeals.
 {¶ 9} In his assignments of error, appellant challenges the weight and sufficiency of the evidence presented below. In particular, appellant asserts that the court's finding that he committed assault was not supported by sufficient evidence and the court's finding that he committed abduction was against the manifest weight of the evidence.
 {¶ 10} Due process affords juveniles the same protections afforded criminal defendants, notwithstanding the civil nature of juvenile proceedings. In the Matter of: Jesse A.C. (Dec. 7, 2001), 6th Dist. No. L-01-1271. Accordingly, "we review juvenile delinquency adjudications using the same weight and sufficiency standards that we would use for criminal defendants." Id. Sufficiency of the evidence is purely a question of law. Statev. Thompkins (1997), 78 Ohio St.3d 380, 386. Under this standard of adequacy a court must consider whether the evidence is sufficient to support the conviction, as a matter of law. Id. The proper analysis is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Williams (1996),74 Ohio St.3d 569, 576.
 {¶ 11} Appellant was found delinquent for conduct which, if he were an adult, would constitute assault, in violation of R.C.2903.13. That statute reads in relevant part: "(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." Appellant asserts that the lower court's finding that he committed assault was not supported by sufficient evidence. In particular, appellant argues that because the victim himself testified that he was not injured by the attack, appellant could not be found to have assaulted him. The statute, however, clearly proscribes an attempt to cause physical harm, as well as causing actual physical harm. Moreover, Officer Bess testified that when he arrived, Kenneth's face was red. Finally, although Kenneth stated at the hearing below that he did not see the faces of his attackers, he further specifically identified appellant as one of the boys who pulled him from his house and assaulted him. This, combined with the statement of Tasia that she saw appellant kick and punch her brother, provided the basis for a rational trier of fact to find the essential elements of assault proven beyond a reasonable doubt. The first assignment of error is not welltaken.
 {¶ 12} In his second assignment of error, appellant asserts that the trial court's finding that he committed abduction was against the manifest weight of the evidence. Under a manifest weight standard, the court must sit as the "thirteenth juror" analyzing the entire record to deduce the relative weight of credible evidence. Thompkins, supra at 387. However, "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The conviction should be reversed, and a new trial ordered, only in those "`exceptional cases in which the evidence weighs heavily against the conviction'". Thompkins, supra at 387, quotingState v. Martin (1983), 20 Ohio App.3d 172, 175. Thus, an adjudication of delinquency can only be overturned when "`the [trier of fact] clearly lost its way and created * * * a manifest miscarriage of justice.'" Id., quoting Martin, supra at 175.
 {¶ 13} R.C. 2905.02 reads in relevant part: "(A) No person, without privilege to do so, shall knowingly do any of the following: (1) By force or threat, remove another from the place where the other person is found[.]" Appellant again asserts that because the testimony of Kenneth and Tasia contained inconsistencies, the trial court's finding was against the manifest weight of the evidence. Upon a review of the record, however, we conclude that any conflicts in the testimony of these two witnesses were minor and that these witnesses did testify to the crucial facts. That is, that when Kenneth was standing in the doorway of his home, appellant forcefully pulled him from that doorway. There was no evidence presented below that appellant had a privilege to do so. Accordingly, the trial court's finding that appellant had committed abduction was supported by the manifest weight of the evidence and the second assignment of error is not well-taken.
 {¶ 14} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Erie County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the court costs of this appeal pursuant to App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Singer, J. concur.